BELSOME, J.
dissents with reasons.
1,1 respectfully dissent from the majority’s determination to vacate the preliminary injunction under these facts and circumstances. As the majority acknowledges, Section 17.2.7(1) of the Comprehensive Zoning Code of the City of New Orleans provides that “a building permit issued pursuant to this section shall expire within six (6) months after its issuance if construction has not commenced and if no request for extension has been filed prior to such date.” (emphasis added). According to the plain language of Section 17.2.7(2), such a request must be made in writing:
The Director of Safety and Permits, upon written application filed prior to expiration of the building permit, may authorize for good cause an extension not to exceed six (6) months of such permit.
In this case, it is undisputed that the only permit in the record was the permit issued on March 13, 2009; that no construction had commenced within six months of that date; and that no written request or application for an extension of the March 13, 2009 building permit was made.
Notwithstanding the statements made in the Director’s affidavit and in his testimony regarding office custom and policy, it appears to this writer that the permit expired by operation of law six months after it issued on March 13, 2009, as |2the record evidences that no written application for an extension was ever filed with the Director of Safety and Permits. City departments must follow written rules even if internal policies to the contrary exist. See Lafleur v. City of New Orleans, 2001-3224 *1221 (La.12/4/02), 831 So.2d 941.[1] I respectfully dissent.

. (acknowledging that a departmental custom and practice existed whereby police officers used accumulated sick leave all at once before retiring, but finding that because the policy violated city service rules, the Court ‘‘[could] not fashion a remedy for the officers who had an expectation that they would receive this benefit at retirement, based on the fact that some officers were able to ... tak[e] advantage of this legally unauthorized policy”).